Commonwealth *v.* Stiles, Appellant.

412

Submitted March 26, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Harvey Stiles,* in propria persona, and *S. Maxwell Flitter,* for appellant.

*Harold E. Sheely,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., June 21, 1974:

The appellant, Harvey Stiles, was found guilty on February 16, 1973, by a Cumberland County jury of aggravated assault and battery, and sentenced to one and one-half to three years imprisonment. Motions in arrest of judgment and for a new trial were filed and denied.

Appellant raises three assignments of error: (1) that the evidence was insufficient to return a guilty verdict; (2) that a mistrial should have been declared when a witness stated during questioning that the appellant had been in jail; (3) that appointed counsel was ineffective.

Viewing the evidence in a light most favorable to the Commonwealth, *Commonwealth v. Portalatin,* 223 Pa. Superior Ct. 33, 297 A. 2d 144 (1972), the testimony, as noted by the lower court in its opinion, established the following facts:

"The evidence indicates that on the evening of January 8, 1973, the defendant, Priscilla Snyder, and Perry Mirilli were gathered at Mirilli's residence at Apartment 33, Robin Court, Wesley Park Apartments, in Me-

chanicsburg. They sniffed amyl nitrate and smoked marijuana. In addition, the testimony indicates that Mirilli was drinking wine and that Miss Snyder, the defendant's girl friend, had taken methadrine earlier that day.

"An argument erupted, resulting in Stiles' pushing Mirilli to the floor. At this point Miss Snyder left the apartment but heard a sound which she believed to be a gunshot. She testified that she then went next door and called the police. Mirilli testified that he remembered being pushed to the floor and seeing Stiles with a gun in his hand. He then blacked out. Upon regaining consciousness a short time later, Mirilli noticed he had an injury to his head which was bleeding. Mirilli and Snyder both testified that they had seen a revolver in Stiles' possession earlier in the evening, and that the defendant had placed the revolver in his pocket.

"Stiles took Mirilli to the Harrisburg Hospital. The victim was treated by Dr. Markley, a neurosurgeon, who testified to the nature of the injury and stated that he removed pieces of metal from the wound in Mirilli's head.

"Kenneth Rodgers, a Lower Allen Township policeman, testified that on the evening of January 8, 1973, he responded to a call reporting a shooting at 33 Robin Court which was Mirilli's apartment. The officer arrived at the scene and summoned the manager of the apartment complex to open the door. Rodgers entered the apartment and found it empty. The officer testified that blood was on the floor of the apartment and that there was a hole in the wall near the floor with part of a bullet lying beneath it. The hole in the wall and the bullet were both in the vicinity of where Mirilli testified that he had fallen after Stiles pushed him. The Commonwealth introduced as evidence two pictures which display the location of the bullet hole and the bullet.

"Dale Allen, state police ballistics expert, testified that he examined the bullet which Rodgers had found on the floor of Mirilli's apartment and determined it to have been fired from a .38 caliber weapon."

The appellant's first allegation, that the evidence was insufficient to sustain the verdict, has no merit. The test for sufficiency of evidence is whether, accepting as true all the evidence and all reasonable inferences arising therefrom upon which, if believed, the fact finder could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime for which he was convicted. *Commonwealth v. Clark,* 454 Pa. 329, 311 A. 2d 910 (1973); *Commonwealth v. McFadden,* 448 Pa. 277, 292 A. 2d 324 (1972).

The evidence, so viewed, is sufficient to support a jury's conclusion that appellant, without justification, shot Mirilli in the head. Appellant's actions resulted in an indictment for assault with intent to kill, based on an inference of intent found in appellant's use of a deadly weapon upon a vital part of the body. *Commonwealth ex rel. Robinson v. Baldi,* 175 Pa. Superior Ct. 550, 106 A. 2d 689 (1954). In light of the already reviewed evidence, the jury's finding of the lesser charge of aggravated assault and battery was a proper verdict. *Commonwealth v. Harry,* 437 Pa. 532, 264 A. 2d 402 (1970); *Commonwealth v. Frazier,* 411 Pa. 195, 191 A. 2d 369 (1963).

The grant of a new trial on the grounds that the verdict is against the weight of the evidence is committed to the sound discretion of the trial court, and will not be reversed on appeal in the absence of an abuse of discretion. *Commonwealth v. Zapata,* 447 Pa. 322, 290 A. 2d 114 (1972). We find no such abuse of discretion in the instant appeal.

Appellant's second contention, that the lower court should have declared a mistrial because one of the

prosecution's witnesses mentioned during cross-examination that appellant had been in jail, is without merit.[1] This issue was not properly preserved for appeal, as the appellant failed to object to the statement at the time it was made. It is well settled that issues not raised at trial will not be considered for the first time on appeal. *Commonwealth v. Yount*, 455 Pa. 303, 314 A. 2d 242 (1974); *Commonwealth v. Watlington*, 452 Pa. 524, 306 A. 2d 892 (1973).

Appellant's last allegation, that he was denied effective counsel, is also without merit. This claim is based on the contention that the court-appointed counsel was ineffective in his assistance because of the failure to object to certain testimony at trial.

In order to properly evaluate appellant's claim, we must initially consider the pertinent facts surrounding the situation. Appellant, after being informed at the preliminary hearing of the right to have free counsel appointed, waived this right. He was bound over for the grand jury, unable to post bond, and was held for trial. Two court-appointed public defenders, George E. Hoffer and Sylvia H. Rambo, were dismissed by the appellant following short interviews. Following the dismissals, the appellant was taken before the lower court and informed that Mr. Hoffer would represent him, but that appellant could ignore counsel and represent himself if he wished. Appellant continued to be uncooperative with Mr. Hoffer, and provided no help in preparing the case. On the day of the trial, an *in camera* hearing was held wherein appellant once again expressed his dissatisfaction with appointed counsel. At trial, appellant permitted Mr. Hoffer to conduct the defense;

---

[1] Under cross-examination Miss Snyder was asked the following question (concerning the argument between Mirilli and appellant): "Q. Do you recall an argument starting? A. We were discussing what Perry and I were doing while Harvey *was in jail* and it became an argument. . . ." (NT 49) (Emphasis added).

however, on several occasions appellant became dissatisfied and was permitted to question the witnesses himself. On three occasions, the court met with the defendant and his counsel with the jury absent to prevent appellant from prejudicing his own case and to explain to the appellant what he could and could not do.

At the outset, we must note that although appellant has the right to the assistance of counsel, *Gideon v. Wainwright,* 372 U.S. 335 (1963), he is not entitled to free counsel of his choice. *Commonwealth v. Johnson,* 428 Pa. 210, 236 A. 2d 805 (1968); *United States v. Burkeen,* 355 F. 2d 241 (6th Cir.), *cert. denied sub nom, Matlock v. United States,* 384 U.S. 957 (1966). The choice of counsel is the prerogative of the court, and is exercised at its discretion. *United States ex rel. Fletcher v. Maroney,* 280 F. Supp. 277 (W.D. Pa.), *cert. denied,* 393 U.S. 873 (1968). Appellant's right to counsel does not give him the right "to delay the trial indefinitely because he is dissatisfied with competent counsel appointed by the court, ready and willing to represent him." *Commonwealth v. Puntari,* 198 Pa. Superior Ct. 70, 71, 181 A. 2d 719, 720 (1962). In the instant appeal, the court's appointment of Mr. Hoffer as appellant's counsel was justified in light of appellant's uncooperative attitude that would have resulted in problems with virtually any counsel that might have been appointed. The allowance of appellant to continue to delay trial indefinitely by expressing dissatisfaction with competent counsel appointed by the court, would be to condone obstruction of the orderly procedure of the court and the administration of justice. *Cf. Moore v. Jamieson,* 451 Pa. 299, 306 A. 2d 283 (1973).

Appellant contends that his court-appointed counsel was ineffective because he did not object to certain allegedly prejudicial testimony during the trial.[2] In evalu-

---

[2] Appellant maintains that his counsel failed to object to allegedly prejudicial remarks made by Mirilli to Miss Snyder referring to

ating the effectiveness of counsel, the inquiry of this court is limited to a determination of whether "the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967). *Accord, Commonwealth v. Hill*, 450 Pa. 477, 301 A. 2d 587 (1973). See the American Bar Association Project on Standards for Criminal Justice, *Standards Relating to the Defense Function* §5.2, Commentary at 240 (Approved Draft, 1972).[3]

After examination of the record, we cannot say that defense counsel's course of action, in light of his client's uncooperative attitude, did not have a reasonable basis designed to effectuate appellant's interest. The record indicates Mr. Hoffer competently exercised his discretion, and as the trial court ably noted concerning Mr. Hoffer's actions: "The trial record in this case demonstrates that Stiles assisted in his own defense. It is

---

appellant's confinement in jail prior to the present charges (NT 49). *See* footnote 1, *supra*. Appellant also contends that certain allegedly irrelevant hearsay testimony not objected to was prejudicial: In direct examination of Dr. George Markley by the District Attorney: "Q. Dr. Markley, in your opinion could this wound have been made by a bullet? A. It could well have been, from the history, *that is what I was told*." (NT 12) (Emphasis added). In direct examination of Kenneth W. Rodgers, a Commonwealth witness by the District Attorney: "Q. On that particular date did you have an occasion to go to Wesley Park Apartments? A. Yes I did. Q. Why did you go there? A. I received a call from the control station that there was a shooting. *A lady called in and said there was a gentleman shot in Apartment No. 33 Robin Court*." (NT 54) (Emphasis added).

[3] This section provides: "5.2 Control and direction of the case. (a) Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. . . . (b) The decisions on what witnesses to call, whether and how to conduct cross-examination, . . . what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client."

therefore difficult to see how he can now complain that his appointed counsel was ineffective when he himself assisted in deciding the course the defense would take. Indeed, the defendant's feeble effort in his own behalf was an albatross about the neck of the public defender. Under the circumstances, Mr. Hoffer skillfully presented the case and patiently assisted the defendant, as evidenced best by the outcome. In fact, the defendant was more fortunate than perhaps he should have been."

The judgment of sentence is affirmed.

SPAETH, J., concurs in the result.