## Commonwealth v. Matthews

*Ralph C. Warman* and *James T. Davis, Assistant District Attorneys,* for Commonwealth.

*Thomas A. Bowlen,* for defendant.

FRANKS, *J.,* February 19, 1980—This matter is before the court on defendant's petition for relief under the Post Conviction Hearing Act of January 25, 1966, P.L. (1965) 1580, sec. 2, efffective March 1, 1966, 19 P.S. §1180-1 et seq. [repealed effective June 27, 1980], wherein the issue of ineffective counsel is raised.

Defendant's assertion is rather novel, in light of the fact that defendant chose pro se representation, waiving his right to legal representation. The right to represent oneself is indigenous to our judicial system: Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525, 45 L.Ed. 2d 562 (1975). At trial this court granted defendant's request to represent himself, but a public defender was appointed to act as amicus curiae or "stand-by counsel" for defendant: U.S. v. Dougherty, 473 F. 2d 1113 (D.C.Cir. 1972).

Defendant is now alleging that the appointed advisor was ineffective at various stages of the trial proceedings. We reject such a contention. On the contrary, the appointed advisor consulted with defendant throughout the trial, rendering advice whenever requested. It is black letter law in Pennsylvania that defense will not be considered ineffective unless the court determines that alternatives not chosen offered a potential for success substantially greater that tactics actually utilized: Com. v. Fantana, _____Pa. Superior Ct._____, 401 A. 2d 1361 (1979). Key to our decision today is the word "chosen." Not only did defendant fail to meet the Fantana test with regard to the quality of defense counsel's advice, Fantana does not apply to our set of facts as defendant "chose" his own alternatives for presentation of his case. Defendant was his own attorney, conducted his own direct and cross-examination of witnesses, voiced objections, made the opening and closing statements to the jury, and even participated at side-bar conferences. Great leeway was given this defendant to enable him to present the best possible defense, free of technical legal restraints with regard to specific evidentiary objections, etc.

In another county, the issue of ineffectiveness of counsel arose in a similar situation,[*] where a defendant actively assisted in his own defense but was still being represented by counsel, the court held that his active participation precluded him from later complaining of ineffectiveness of counsel.

We do not necessarily agree with the trial judge's broad interpretation which was affirmed by our

[*]Com. v. Stiles, 24 Cumberland 1 (1973), affirmed 229 Pa. Superior Ct. 411, 323 A. 2d 841 (1974).

Superior Court. We more narrowly construe the ineffectiveness issue and therefore hold only that where defendant refuses legal representation, represents himself, and is given every opportunity to succeed, including receiving constant assistance from an attorney, he may not later complain that his advisor was ineffective trial counsel.

However, ineffectiveness of counsel during post trial proceedings can arguably be asserted by defendant. The post trial motions are complicated legal matters which a defendant who is not knowledgeable in the law cannot be expected to know.

This court directed the appointed advisor to assist defendant in preparing his post trial motions. Realizing the importance of these appellate procedures, we hold that the appointed public defender was ineffective in not filing a motion for reconsideration of sentence.

It is well recognized that counsel's stewardship cannot be deemed ineffective for failure to file futile motions: Com. v. Walley, 262 Pa. Superior Ct. 496, 396 A. 2d 1280 (1978). The public defender could certainly have believed that a motion for new trial was futile under the facts of the case and so properly permitted defendant to withdraw his motion for new trial. However, counsel was ineffective in failing to file a motion for reconsideration of sentence.

At the P.C.H.A. hearing, Part II, held on May 1, 1979, the testimony revealed that defendant was promised a recommendation of leniency by the district attorney's office in return for his cooperation with them. Defendant believed that he would be sentenced more quickly if he withdrew his previously filed motion for new trial. Defendant withdrew the motion for new trial on August 4, 1978,

and was sentenced on September 7, 1978, to a term of five to ten years imprisonment.

Although this court recognizes that assurances made by the district attorney to recommend leniency have no binding effect on our decision at time of sentencing, we do recognize that the circumstances leading up to defendant's sentence hearing establish that defendant's reliance on both the district attorney's and public defender's advice denied him due process during the post trial proceedings. The public defender advised defendant not to file a motion to reconsider sentence because of defendant's conduct at the time of his sentencing. Such advice was not reasonable under the circumstances leading up to the sentencing.

This court certainly abhors outbursts such as defendant displayed at the time of his sentencing, but even this obstreperous behavior does not justify the public defender's failure to present information helpful to defendant to the attention of this court.

In view of the sufficiency of defendant's petition with regard to the post trial proceedings, we find it necessary to consider defendant's other alleged grounds for relief.

Wherefore, we issue the following

ORDER

And now, February 19, 1980, we hereby grant defendant's petition for relief under the Post Conviction Hearing Act and order that an evidentiary hearing be scheduled for Tuesday, March 11, 1980, at 9:30 a.m., in Court Room No. 1, at which time the court will receive testimony regarding the issue of reconsideration of sentence. Defendant, post trial assistant public defender, assistant district at-

torneys (present at trial and/or sentencing), present counsel for defendant and the probation officer are hereby ordered to appear at said hearing.